United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG M. NGUYEN,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*,<br>Respondents. | Case No. 1:26-cv-03731 (AMO)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner Hoang M. Nguyen filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) arguing that his re-detention violates due process and seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner's claims are functionally identical to those addressed by this Court and many others within this district. Petitioner was granted lawful permanent resident status in 1993, but was ordered removed to Vietnam several years later in 2001. Dkt. No. 10-1 at 2. The Government at that time was unable to secure Vietnamese travel documents for Petitioner and released him on an order of supervision. *Id*. On February 6, 2026, Petitioner's order of supervision was revoked, and he was detained on the basis that ICE was seeking a travel document to effect his removal. Dkt. No. 10-5 at 1. The actual request for the travel document was placed several weeks later on February 25, 2026, and still remains pending. Dkt. No. 10-1 at 2. Respondents argue that revocation of Petitioner's order of supervision was lawful because there is now a significant likelihood that Petitioner will be removed in the foreseeable future considering the request for travel documents.[1] Dkt. No. 10 at 4.

[1] Respondents also note that Petitioner obtained several criminal convictions while released. *See* Dkt. No. 10 at 2. They have not, however, argued that these offenses served as the basis for Petitioner's current detention. Indeed, the "Notice of Revocation of Release" submitted by Respondents indicates that the revocation was based solely on ICE seeking travel documents. As

Many prior orders within this district, and from this Court, are dispositive on the issues raised in the Petition. In these matters, courts have found that a request for travel documents, standing alone, is insufficient to justify revocation of an order of supervision, particularly where the Government had been previously unsuccessful in obtaining travel documents. *See, e.g.*, *Bonyadian v. Lyons*, No. 1:26-CV-03504 (AMO), 2026 WL 1398881 (E.D. Cal. May 19, 2026) (ordering release where Government sought to revoke order of supervision based only on a request for travel documents); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("Respondents have not provided any details about why a travel document could not be obtained in the past, nor have they attempted to show why obtaining a travel document is more likely this time around."); *Liu v. Warden, California City Det. Facility*, No. 2:26-CV-01057-KES-SAB (HC), 2026 WL 1243489, at *4 (E.D. Cal. May 6, 2026) (similar). For the reasons stated in those cases, Petitioner is entitled to relief.

Section 241.13(i) permits revocation of release "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Courts have found that failure to make this showing in revoking an individual's order of supervision violates due process. *See, e.g.*, *Diaz v. Wofford*, No. 1:25-CV-01079-JLT-EPG, 2025 WL 2581575, at *7 (E.D. Cal. Sept. 5, 2025) ("DHS's failure to follow its own procedural regulations may constitute a due process violation."); *Ceesay v. Kurdorfer*, 781 F. Supp. 3d 137, 164 (W.D.N.Y 2025) ("[B]ecause ICE did not follow its own regulations in deciding to re-detain [the petitioner], his due process rights were violated, and he is entitled to release.").

As noted above, a renewed request for travel documents, does not demonstrate there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future where the Government has been unable to obtain those travel documents in the past. Indeed, the request for Petitioner's travel documents has now been pending for nearly five months. "ICE, like any agency, 'has the duty to follow its own federal regulations.'" *Rombot v. Souza*, 296 F. Supp. 3d

---

Respondents have failed to articulate the legal or factual significance of these offenses, the Court need not consider them here.

United States District Court
Eastern District of California

383, 388 (D. Mass. 2017) (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)). The Government's failure to do so here and show that there is a significant likelihood of Petitioner's removal in the foreseeable future, violated his due process rights.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED. Respondents are ORDERED to immediately release Hoang M. Nguyen from their custody. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 21, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge